# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>COUNTY OF CONTRA COSTA,<br><br>　　　　　Appellee. | CASE NO. 1:12-CV-0290 AWI<br>BANKRUPTCY CASE NO.<br>　09-14047-A-7<br><br>ORDER<br><br>**(Docs. 28, 34, 36, 42, and 43)** |

　　Appellant Susan Mae Polk was convicted of murder in state court in 2007. She was provided legal representation by Appellee Contra Costa County. Appellee sought to recover the cost of the representation by putting a lien on real property owned by Appellant. The property was sold and Appellee received the relevant proceeds on February 2, 2008. Appellant challenged Appellee's right to the proceeds, but the state courts ultimately found in favor of Appellees on July 11, 2011.

　　Meanwhile, Appellant filed for bankruptcy on May 4, 2009 and received her discharge on August 13, 2009. After the state court confirmed Appellee's rights to the proceeds, Appellant reopened her bankruptcy to challenge Appellee's claims. The bankruptcy court found in favor of Appellee on January 31, 2012. Appellant filed the current appeal, electing to have the matter heard before a district court judge. The matter has been fully briefed and the court has determined that no hearing is necessary.

　　Appellee has made a motion to strike. Appellant has made a motion for sanctions and a number of motions relating to a hearing.

**I. Motion to Strike**

Appellee seeks to strike certain of Appellant's exhibits and addendums, arguing that they are not part of the record on appeal. Doc. 28. Appellant acknowledges that much of the objected to materials are not part of the record but asserts that two documents are. Specifically, Appellant claims Exhibits E and F (Doc. 17, 108-112) are part of the record as ER 212-215 (Doc. 24, Part 4, Excerpts of Record Volume 4, 55-58). However, an examination of the documents show that they are two separate handwritten versions of the same substantive text; they are not photocopies of each other. The court does not accept Exhibits E and F as part of the record on appeal, but will refer to ER 212-215 for the substance.

The other materials were not part of the bankruptcy proceedings and are not part of the record on appeal. Fed. Rule Bankr. 8006 governs and generally, "The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." Zer-Ilan v. Frankford, 337 F.3d 436, 443 (5th Cir. 2003), citations omitted. "[A] district court functions as a[n] appellate court and applies the standard of review generally applied in federal court appeals." In re Webb, 954 F.2d 1102, 1103-4 (5th Cir. 1992). "Documents or facts not presented to the district court are not part of the record on appeal." United States v. Elias, 921 F.2d 870, 874 (9th Cir. 1990), citations omitted. "Papers submitted to the district court after the ruling that is challenged on appeal should be stricken from the record on appeal." Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir. 1988). "[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record." International Business Machines Corp. v. Edelstein, 526 F.2d 37, 45 (2nd Cir. 1975), citations omitted; see e.g. Colmenar v. INS, 210 F.3d 967, 972 n.5 (9th Cir. 2000) (in challenging a denial of application for asylum on the basis that the Immigration Judge acted improperly, "a petitioner is entitled to present evidence outside the record in order to show that he was prejudiced by the lack of a full and fair hearing"). Appellant has not argued any form of extraordinary circumstance.

However, courts may take judicial notice of facts outside the record on appeal. See United States v. Mills, 2014 U.S. App. LEXIS 2818, *15 n.2 (5th Cir. Feb. 14, 2014); Niagara Mohawk

Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 124 n.12 (2nd Cir. 2010).  Appellant specifically requests that the materials other materials she submits be considered for judicial notice. Doc. 29, Appellant's Opposition, 3-5.  Thus the exhibits are not stricken from the record, but they will only be considered insofar as certain facts as argued in Appellant's briefing are relevant and validly subject to judicial notice.

**II. Motion for Sanctions**

Appellant seeks to sanction Appellee under Fed. Rule Civ. Proc. 11 for making false statements to the court in Appellee's opening brief. Doc. 34, Appellant's Brief, 4.  However, Appellant's objections go to the substance of the appeal; she disagrees with Appellee's characterization of the facts in this case.  As "relief sought," Appellant stated "I am seeking a turn over order of equity seized by the county from the forced sale of my home under false pretenses: 1. that I provided the county with a 'consensual lien' against my home; and 2. that the county provided me with a defense in criminal proceedings and was therefore entitled to recoup its costs." Doc. 34, Appellant's Brief, 2.  Appellant then summarizes the alleged misstatements as "the false claims that I (a) provided the county with a 'consensual lien' which (b) therefore constituted a 'security interest' and (c) the state court's award in the partition action of $193,233.04, based on the 'consensual lien,' was therefore entitled to 'full faith and credit' under the full faith and credit statute, 28 U.S.C. § 1738, because (d) the state court's order was 'valid.'" Doc. 34, Appellant's Brief, 3-4.  Appellant is pro se and may not understand that these are the factual and legal issues to be contested in the main appeal; that Appellee does not agree with Appellant's facts and interpretations is not sanctionable.  Appellee provides evidence and legal support for its positions. For example, to substantial the lien/security interest, Appellee cites to a deed of trust Appellant signed on September 2, 2005 in favor of the Contra Costa Superior Court and recorded with the Contra Costa County Recorder Office on September 8, 2005. Doc. 24, Part 3, Excerpts of Record Volume 3, 6-8; ER 110-112.  There are no grounds for sanctions.

///

**III. Motion for Court Hearing**

The court has read the parties' papers and determined that no hearing is necessary. Doc. 41. Thus, Appellant's motions for telephonic court hearing, legal materials during the hearing, extension of time, and continuance of hearing date are moot. Docs. 36, 42, and 43.

**IV. Order**

Appellee's motion to strike is DENIED.

Appellant's motion for sanctions is DENIED.

Appellant's motions for telephonic appearance, extension of time, and continuance are DENIED.

IT IS SO ORDERED.

Dated:   March 20, 2014                               /s/ [signature]
                                                    SENIOR DISTRICT JUDGE